IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**TERRANCE WILLS (03),**<br><br>   **Defendant.** | Case No. 19-40019-03-DDC |

### MEMORANDUM AND ORDER

This matter comes before the court on defendant Terrance Wills's pro se[1] Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 158). The government filed a Response (Doc. 161) and Mr. Wills filed a Reply (Doc. 163). Mr. Wills also filed a Motion to Expedite (Doc. 164) the court's decision on his Motion for Reduction in Sentence. For reasons explained below, the court dismisses his motion for reduction in sentence for lack of subject matter jurisdiction and dismisses his motion to expedite as this Order renders that motion moot.

**I.    Background**

On February 27, 2019, a grand jury returned an Indictment charging Mr. Wills with knowingly and intentionally possessing with intent to distribute heroin—violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i) and 18 U.S.C. § 2. Doc. 23 at 1–2. Mr. Wills pleaded guilty to possession with intent to distribute heroin on October 21, 2019. Doc. 91 at 1. The Amended

---

[1]    Because Mr. Wills filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, Mr. Wills's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Presentence Investigation Report ("PSR") calculated Mr. Wills's guidelines range as 100–125 months' imprisonment.  Doc. 139 at 17 (PSR ¶ 92).  The court sentenced Mr. Wills to 72 months' imprisonment and 60 months' supervised release on August 14, 2020.  Doc. 153.  Mr. Wills's earliest release date is March 27, 2024.  *See* Doc. 161 at 3; *see also* Terrance Wills, Reg. No. 29547-031, https://www.bop.gov/inmateloc/ (last visited Mar. 23, 2021).

## II.      Legal Standard

"'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]'"  *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  The Tenth Circuit "has held that 'a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"  *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) (quoting *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (brackets omitted)).

Section 3582(c) of Title 18 announces a general rule that courts "may not modify a term of imprisonment once it has been imposed[.]"  But, the statute also recognizes certain exceptions.  Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  Under § 3582(c)(1)(A)(i), "a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing

Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

"'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'" *Poutre*, 834 F. App'x at 474 (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quotations omitted)); *see also United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (same). "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction." *Id.* (citing *White*, 765 F.3d at 1250; then citing *United States v. C.D.*, 848 F.3d 1286, 1291 (10th Cir. 2017)).

### III. Discussion

#### A. Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *3 (D. Kan. Dec. 4, 2020) (discussing competing readings of "the lapse of 30 days"). But "if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. McIntosh*, No. CR 11-20085-01-KHV, 2020

3

WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, No. CR 11-20085-01-KHV, 2020 WL 6270918 (D. Kan. Oct. 26, 2020) (citations omitted).

Mr. Wills asserts he submitted his compassionate release request to the warden on December 17, 2020. Doc. 158 at 3. And, he asserts, the "BOP has not acted on Wills request within the required thirty days[.]" *Id.* at 4. The government doesn't challenge Mr. Wills's assertion that BOP never responded to his request. *See* Doc. 161 at 7 n.5 ("As of this date [January 27, 2021] the government is not aware of a letter either denying or granting the defendant compassionate release on behalf of BOP."). So, the court finds the BOP didn't respond and 30 days lapsed after Mr. Wills's request for compassionate release. *See McIntosh*, 2020 WL 574921, at *2.

Instead, the government argues, Mr. Wills "*only* raised the issue of his Asthma and the impact of COVID-19 on that disorder" in his request to the warden. *Id.* at 7 n.5. So, it argues, Mr. Wills has not exhausted his administrative remedies for his other medical conditions—hypertension and bronchitis—raised in his motion to the court. *Id.*

When determining whether § 3582(c)(1)(A)'s exhaustion requirement is met, our court has reasoned "that a request to the warden need not be identical in detail or specificity to the motion made in court" but "there 'must be a reasonable degree of overlap which gives the BOP a fair opportunity to consider whether to make the motion on the defendant's behalf.'" *United States v. Burgoon*, No. 07-20072-05-JWL, 2020 WL 7396914, at *2 (D. Kan. Dec. 17, 2020) (quoting *United States v. Knight*, No. 1:15-CR-393, 2020 WL 4059886, at *2 (M.D.N.C. July 20, 2020)). In *Burgoon*, the court found no overlap between defendant's request to the warden and because the request "did not identify any medical conditions in her request or suggest in any way

4

that she was particularly at risk of harm or more susceptible to a severe case of COVID-10." *Id.* at *3.

Mr. Wills's case is different. He submitted a compassionate release request to the warden asserting he was "at high risk of complications from Covid-19 because of the asthma, and the spread of the disease" in Forrest City FCI. Doc. 158-1 at 1 (request to warden). Mr. Wills's motion to the court argues asthma, hypertension, bronchitis, his race, and the spread of COVID-19 establish extraordinary and compelling reasons for the court to consider his motion for compassionate release. *See* Doc. 158 at 6–9.

Mr. Wills's omission of some of his health conditions in his request to the warden does not preclude the court from considering those conditions when deciding his motion. *See United States v. Moreno*, No. 13-20079-JWL, 2021 WL 512225, at *2–3 (D. Kan. Feb. 11, 2021) (finding exhaustion of administrative remedies because "defendant at least relied on his medical condition and the BOP reviewed his condition in addressing the request"). The court concludes there is sufficient overlap between Mr. Wills's request to the warden and his motion in this court to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *See Burgoon*, 2020 WL 7396914, at *2. Now, the court considers whether Mr. Wills raises extraordinary and compelling reasons.

        **B.**        **Extraordinary and Compelling Circumstances**

Mr. Wills asserts his medical conditions—asthma, hypertension, bronchitis, high cholesterol, hyperlipidemia, and "several other medical maladies not listed" in his motion—combined with his race, African American, and conditions at FCI Forrest City, constitute extraordinary and compelling reasons during the COVID-19 pandemic. *See* Doc. 158 at 6–9. Mr. Wills argues the court should consider his combined medical conditions and asserts these factors "taken together . . . meet an extraordinary and compelling reason to grant relief[.]" *Id.* at

9. The government concedes that Mr. Wills asserts a medical condition—asthma—that qualifies as an extraordinary and compelling reason during COVID-19 given "CDC and/or DOJ guidelines[.]"  Doc. 161 at 16.

Mr. Wills asserts his medical records support his "history of hypertension" and "Bronchitis is another medical issue that Wills has along high cholesterol, Hyperlipidemia and several other medical maladies not listed here."  Doc. 158 at 7–8.  But, the records Mr. Wills provides to the court do not support any of his other asserted medical conditions.  Doc. 158-1 at 2–6.  And, Mr. Wills does not explain this discrepancy or allege any facts supporting a diagnosis for these conditions, *i.e.*, blood pressure levels, cholesterol levels.  *See id.*  So, the court does not consider these conditions when evaluating the extraordinary and compelling requirement.

Mr. Wills also asserts his race, African American, increases his risk of severe illness from COVID-19.  *See* Doc. 158 at 8 ("Wills is African American and the CDC says that people of color have been shown to have extreme cases" of COVID-19).  But, this court previously has held race alone insufficient to establish extraordinary and compelling reasons during the COVID-19 pandemic.  *See United States v. Harris*, ___ F. Supp. 3d ___, 2020 WL 7122430, at *8 (D. Kan. Dec. 4, 2020) (collecting cases from District of Kansas).  And, our court has noted, while "African-Americans have suffered a disproportionately high rate of hospitalizations and deaths from COVID-19 compared to the overall population, race itself generally is not considered a risk factor."  *See United States v. Young*, No. CR 10-20076-01-KHV, 2020 WL 6384362, at *5 (D. Kan. Oct. 30, 2020) (collecting cases).  Mr. Wills has not established that his race is an extraordinary and compelling reason to grant his motion.

Mr. Wills's medical records confirm that he suffers from asthma and is prescribed an Albuterol inhaler.  Doc. 158-1 at 4–5.  And, he has reported trouble breathing.  *Id.*  The

government concedes, without analysis, asthma constitutes an extraordinary and compelling reason during the COVID-19 pandemic. Doc. 161 at 16. The court agrees. The CDC considers moderate to severe asthma a condition that might increase the risk for severe illness from COVID-19. *See* CDC, People with Certain Medical Conditions (updated Mar. 15, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 19, 2021) ("[A]dults of any age with the following conditions **might be at an increased risk** for severe illness from the virus that causes COVID-19: Asthma (moderate-to-severe)").

Satisfied that Mr. Wills's asthma constitutes an extraordinary and compelling reason to reduce his sentence under § 3582(c)(1)(A)(i), the court next considers whether the relevant sentencing factors under 18 U.S.C. § 3553(a) warrant the requested sentence modification.

C.  **Sentencing Factors of 18 U.S.C. § 3553(a)[2]**

Mr. Wills requests the court to "reduce his sentence to time-served." Doc. 158 at 1. The government opposes Mr. Wills's motion because, it argues, § 3553(a)'s sentencing factors disfavor his request. Doc. 161 at 17.[3] The government asserts that "a reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for his

---

[2]   The relevant sentencing factors the court considers are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

[3]   The government does not argue Mr. Wills is a danger to society. *See* Doc. 161.

sentence to provide just punishment and otherwise promote respect for the law." *Id.*; *see also* 18 U.S.C. § 3553(a)(1)–(2)(A).

The court may "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If the court determines extraordinary and compelling reasons exist, then the court analyzes whether its analysis of § 3553(a)'s factors have shifted enough that reducing a defendant's sentence is warranted. *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *5–6 (D. Kan. Oct. 8, 2020) (discussing § 3553(a) and the required shift in the court's § 3553(a) analysis to warrant the requested sentence modification). When § 3553(a)'s sentencing factors don't support the requested sentence reduction, then courts deny the request, even when defendant satisfies exhaustion and shows extraordinary and compelling. *See United States v. Santistevan*, ___ F. App'x ___, 2021 WL 942909, at *2 (affirming denial of compassionate release where district court considered § 3553(a) factors and "determined that a sentence reduction was not appropriate").

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction even though the defendant presents extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence" (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if

it would radically alter the appropriate § 3553 sentence." (citations omitted)); *cf. United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting motion under § 3582(c)(1)(A) where defendant had served nearly 95% of his sentence and already had transferred to a residential reentry center).

Here, Mr. Wills is set to complete his term of imprisonment on March 27, 2024. *See* Terrance Wills, Reg. No. 29547-031, https://www.bop.gov/inmateloc/ (last visited Mar. 23, 2021). So, roughly 36 months—or 50%—of his 72-months term of imprisonment remain. He asks the court to modify his sentence by reducing his term of imprisonment to time served. Doc. 158 at 1.

Mr. Wills argues § 3553(a)'s sentencing factors favor his request. He argues, "the court should conclude that the amount of time that Wills has already served is sufficient to satisfy the purposes of sentencing." Doc. 158 at 17. He alleges he "has experienced heightened depravation and unexpected prison conditions" and has spent his incarceration in "extreme lockdown and in legitimate fear of contracting a once-in-a-century deadly virus[.]" *Id.* at 16. He also asserts, without support, that he has no behavioral incidents on his BOP report. *Id.* at 18. And, he asserts, he "has not had any programs or classes since this would put everyone involved in a dangerous position therefore Wills has not had the opportunity to work on rehabilitation." *Id.* In his Reply, he argues he "is now much older making him about half as likely to be convicted of a crime[.]" Doc. 163 at 2–3.

Mr. Wills fails to show § 3553(a)'s sentencing factors have shifted enough since August 2020 to support a 50% sentence reduction. The court sentenced Mr. Wills in August 2020, months after the court recognized COVID-19's risk to public health and limited in-person hearings. Docs. 138, 153. So, Mr. Wills's argument that COVID-19 alters § 3553(a)'s

sentencing factors is not persuasive. *See* Doc. 158 at 19 ("the coronavirus has created a disparity where none previously existed").

Mr. Wills asserts the BOP has not provided programs and rehabilitation during his term of imprisonment. Doc. 163 at 3. And, he argues his sentence is better served in rehabilitation programs for his addiction. Doc. 158 at 18. Rehabilitation and treatment options for inmates comprise but one part of the court's § 3553(a)'s analysis. *See* 18 U.S.C. § 3553(a)(2)(D). The difficulties in receiving rehabilitative programs while incarcerated does favor Mr. Wills's motion somewhat.

But, the court notes Mr. Wills committed a serious offense which included acquiring almost two kilograms of heroin from Mexico. Doc. 139 at 26–27 (PSR ¶¶ 139–41). And, Mr. Wills committed the current offense while on probation for attempted theft, raising his criminal history score from 7 to 9. *Id.* at 11 (PSR ¶ 52–54). The seriousness of his offense and criminal history strongly disfavor his requested reduction of 50%. *See* 18 U.S.C. § 3553(a)(1).

The court concludes that the modified sentence Mr. Wills requests wouldn't serve the applicable sentencing factors and would not comply with the purposes listed in § 3553(a). Thus, reducing the imposed term of imprisonment by 50% is not warranted under § 3582(c)(1)(A). Since Mr. Wills's motion fails to satisfy the statutory requirements, the court lacks subject matter jurisdiction and must dismiss the motion. *See Saldana*, 807 F. App'x at 819.

## IV.     Conclusion

Mr. Wills asks the court to modify his sentence by reducing his term of imprisonment to time served. While the court is sympathetic to Mr. Wills's concerns about COVID-19, the court sentenced him during the COVID-19 pandemic and knew it presented at least some risk. Mr. Wills has failed to show § 3553(a)'s sentencing factors have shifted enough within the last year

to support a 50% sentence reduction.  So, § 3582(c)(1)(A) does not permit the court to modify Mr. Wills's sentence.  The court thus dismisses his motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Wills's Motion for Reduction in Sentence (Doc. 158) is dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** Mr. Wills's Motion to Expedite (Doc. 164) is dismissed as moot in light of this Order.

**IT IS SO ORDERED.**

**Dated this 24th day of March, 2021, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**