IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>TERRANCE WILLS (03),<br><br>        Defendant. | Case No. 19-40019-03-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Terrance Wills's pro se[1] Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 179). The government filed a Response (Doc. 181), and Mr. Wills filed a Reply (Doc. 182). For reasons explained below, the court denies Mr. Wills's motion.

**I.     Background**

On February 27, 2019, a grand jury returned an Indictment charging Mr. Wills with knowingly and intentionally possessing, with intent to distribute, heroin—violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i) and 18 U.S.C. § 2. Doc. 23 at 1–2. Mr. Wills pleaded guilty to possession with intent to distribute heroin on October 21, 2019. Doc. 91 at 1. The Presentence Investigation Report (PSR) calculated the custody component of Mr. Wills's sentence as 100–

---

[1]     Because Mr. Wills filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, Mr. Wills's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

125 months in prison.  Doc. 139 at 17 (Am. PSR ¶ 92).  On August 14, 2020, the court sentenced Mr. Wills to 72 months' imprisonment and five years' supervised release.  Doc. 153 at 2–3.

Mr. Wills has filed for compassionate release before, in January 2021.  Doc. 158.  On March 24, 2021, the court dismissed his request for compassionate release for lack of subject matter jurisdiction.  Doc. 165.  Mr. Wills appealed that decision, and the Tenth Circuit Court of Appeals upheld the court's ruling on the merits but vacated the court's dismissal—the Circuit clarified that § 3582(c)(1)(A)'s requirements are not jurisdictional, and remanded with instructions to deny, rather than dismiss, the motion.  *See United States v. Wills*, No. 21-3060, 2021 WL 4205160, at *2–3 (10th Cir. Sept. 16, 2021).  Consistent with the Circuit's mandate, the court vacated its dismissal and denied Mr. Wills's motion.  Doc. 178.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  Under this exception, the court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).  Recently, our Circuit held that the exhaustion requirement is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

After considering exhaustion, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Courts may grant relief "only if all three prerequisites are satisfied," and, accordingly, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)—the "extraordinary and compelling" reasons requirement—as jurisdictional. *See id.* at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not reach the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, unless "and until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

### III.   Discussion

*First*, the court considers whether Mr. Wills has exhausted his administrative remedies as required under § 3582(c)(1)(A). *Second*, the court determines whether Mr. Wills has presented "extraordinary and compelling" circumstances for compassionate release. *Third*, the court

3

assesses the sentencing factors set forth in 18 U.S.C. § 3553(a) to determine whether the factors favor modifying Mr. Wills's sentence. Ultimately, the court denies Mr. Wills's motion for two independently sufficient reasons: (1) the § 3553(a) sentencing factors do not favor his release, and (2) the court has no authority to grant home confinement. The court explains these independent conclusions below.

### A. Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)

A person in prison seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *3 (D. Kan. Dec. 4, 2020) (discussing competing readings of "the lapse of 30 days") (quotation cleaned up). But "if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. McIntosh*, No. 11-20085-01-KHV, 2020 WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, No. 11-20085-01-KHV, 2020 WL 6270918 (D. Kan. Oct. 26, 2020) (citations omitted).

Here, Mr. Wills asserts that he has exhausted his Bureau of Prison ("BOP") remedies because he submitted a request to his warden on February 28, 2022. Doc. 179 at 1; Doc. 179-1 at 1. Mr. Wills doesn't report whether the warden responded to his request, and the record omits

any report of a response (or the absence of one). But, the government concedes that Mr. Wills has exhausted his administrative remedies. *See* Doc. 181 at 4 ("As the requisite 30 days appears to have expired without reply by the Warden, the government is constrained to concede that the defendant has properly exhausted his available administrative remedies in this instance.").

Because Mr. Wills waited the requisite 30 days after submitting a request to his warden before filing a motion in federal court, he has satisfied the exhaustion requirement of § 3582(c)(1)(A). *See McIntosh*, 2020 WL 5747921, at *2. And, even if he hadn't waited the required 30 days, the government explicitly has waived any defense based on the exhaustion requirement. *See Hemmelgarn*, 15 F.4th 1027, 1030–31 (holding that the exhaustion requirement is a claim-processing rule that the government may waive or forfeit). So, the court now turns to the substance of Mr. Wills's motion.

      **B.**      **Extraordinary and Compelling Circumstances**

Mr. Wills asserts that his medical conditions—asthma, bronchitis, and hypertension—along with his recent exposure to COVID-19 in January 2022 resulted in "long haul" symptoms. Doc. 179 at 2–3. He argues that his medical status and the conditions at FCI Forrest City, in conjunction with one another, constitute extraordinary and compelling reasons for compassionate release during the COVID-19 pandemic. *See Id.* The government concedes that Mr. Wills asserts a medical condition—asthma—that qualifies as an extraordinary and compelling reason during COVID-19 given "CDC and/or DOJ guidelines[.]" Doc. 181 at 8.

Satisfied that Mr. Wills's health condition constitutes an extraordinary and compelling reason during the COVID-19 pandemic[2], the court next considers whether the relevant

---

[2]     Here, the court repeats its earlier conclusion from Mr. Wills's first compassionate release motion— that his asthma presents an extraordinary and compelling circumstance, s*ee* Doc. 165 at 5–7, because the government concedes the question. Doc. 181 at 8. But recent guidance from our Circuit calls this conclusion into question. Our Circuit recently held (albeit in an unpublished opinion) that "'a

sentencing factors under 18 U.S.C. § 3553(a) warrant the sentence modification Mr. Wills requests.

C. **Sentencing Factors of 18 U.S.C. § 3553(a)** [3]

Mr. Wills requests the court to grant him "home confinement for the remainder of his sentence, and the supervised release that will follow." Doc. 179 at 5. The government opposes Mr. Wills's motion because, it argues, § 3553(a)'s sentencing factors continue to disfavor his request, and no significant changes have occurred since the court previously concluded that Mr. Wills failed to satisfy these factors. Doc. 181 at 9.[4] The government asserts that the "seriousness of his offense and criminal history strongly disfavor his requested reduction[.]" *Id.* The court may "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If the court

---

defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Here, the record is unclear whether Mr. Wills has access to the COVID-19 vaccine. Thus, the court sticks with its earlier conclusion.

[3]    The relevant sentencing factors the court considers are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

[4]    The government does not claim that Mr. Wills presents a danger to society. *See generally* Doc. 181.

determines extraordinary and compelling reasons exist, then the court analyzes whether its analysis of § 3553(a)'s factors have shifted enough that reducing a defendant's sentence is warranted. *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *1 (D. Kan. July 21, 2020) (explaining that even when a showing of extraordinary and compelling reasons has been met, "the court must take account of the relevant 18 U.S.C. § 3553(a) sentencing factors, which may independently preclude the relief sought."); *cf. United States v. Cumins*, 833 F. App'x 765, 767 (10th Cir. 2021) (affirming denial of compassionate release after district court determined "the statutory sentencing factors would weigh against early release" and finding "[t]his reasoning fell within the realm of discretion afforded to the district court").

If a proposed modified sentence strays too far from the original sentence the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence." (citations omitted)); *Kaufman*, 2020 WL 4196467, at *2 ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)); *cf. United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting motion under § 3582(c)(1)(A) where defendant had served nearly 95% of his sentence and already had transferred to a residential reentry center).

Here, Mr. Wills is set to complete his term of imprisonment on March 27, 2024. *See* Terrance Wills, Reg. No. 29547-031, https://www.bop.gov/inmateloc/ (last visited June 16, 2022). So, roughly 21 months of his 72-months' term of imprisonment remain. He asks the

court to modify his sentence by releasing him to home confinement for the remainder of his sentence, followed by supervised release. Doc. 179 at 5.

Mr. Wills argues § 3553(a)'s sentencing factors favor his request. He specifically addresses his respect for the law and, referring to his request for home confinement, asserts, "this issue goes hand in hand with what Mr. Wills is seeking[.]" *Id.* And, he argues, "many of the inmates that the BOP [is] releasing have far more serious offenses[.]" *Id.* He also asserts, but without any support, that he "has a good BOP record, and has tried to take advantage of all the First Step Act Programs he could while incarcerated." *Id.* at 4.

The court concludes that the pertinent § 3553(a) factors have not shifted far enough for the court to justify the modified sentence that Mr. Wills seeks. Mr. Wills committed a serious offense—he acquired almost two kilograms of heroin from Mexico. Doc. 139 at 26–27 (Am. PSR ¶¶ 139–41). And Mr. Wills committed the current offense while on probation for attempted theft. *Id.* at 11 (Am. PSR ¶ 52). Modifying Mr. Wills's term of imprisonment to home confinement would no longer reflect the seriousness of his criminal conduct nor afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)–(B).

In sum, the modified sentence that Mr. Wills requests fails to reflect the applicable sentencing factors and would not comply with the purposes that § 3553(a) lists. Thus, modifying the imposed term of imprisonment is not warranted under § 3582(c)(1)(A). Since Mr. Wills's motion fails to satisfy the statutory requirements, the court denies his motion. *See McGee*, 992 F.3d at 1042.

**D.   Home Confinement**

Finally, the court denies Mr. Wills's request that the court order home confinement. The court has no authority to order such relief. The CARES Act, 18 U.S.C. § 3624(c)(2), authorizes

the BOP—not courts—to expand the use of home confinement. *See Cumins*, 833 F. App'x at 766 (explaining that "only the Bureau of Prisons can put an inmate in home confinement"); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.").

IV.     **Conclusion**

Mr. Wills asks the court to modify his sentence by modifying his term of imprisonment to a term of home confinement for the remainder of his sentence, followed by supervised release. While the risks his medical conditions present to him while incarcerated during the COVID-19 pandemic do alter the court's analysis of some sentencing factors under § 3553(a), the shift is insufficient for the court to conclude that extraordinary and compelling reasons warrant the sentencing modification Mr. Wills seeks. So, § 3582(c)(1)(A) does not permit the court to modify Mr. Wills's sentence and the court has no authority to grant Mr. Wills's request for release to home confinement. The court thus denies his motion for compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Wills's Motion for Reduction in Sentence (Doc. 179) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of July, 2022, at Kansas City, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

9